MD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Delano Danny Quiroz, Jr.,

                Plaintiff,

vs.

Phoenix Police Department, et al.,

                Defendants.

No.   CV 13-1876-PHX-DGC (LOA)

**ORDER**

On September 11, 2013, Plaintiff Delano Danny Quiroz, Jr., who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a November 4, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.  On December 4, 2013, Plaintiff filed his First Amended Complaint (Doc. 7).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

JDDL-K

1  which relief may be granted, or that seek monetary relief from a defendant who is
2  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3      A pleading must contain a "short and plain statement of the claim *showing* that the
4  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
5  does not demand detailed factual allegations, "it demands more than an unadorned, the-
6  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice."  *Id.*

9      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
12  content that allows the court to draw the reasonable inference that the defendant is liable
13  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
14  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
15  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
16  specific factual allegations may be consistent with a constitutional claim, a court must
17  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
18  at 681.

19      But as the United States Court of Appeals for the Ninth Circuit has instructed,
20  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
21  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
22  stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
23  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24      If the Court determines that a pleading could be cured by the allegation of other
25  facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
26  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The
27  Court should not, however, advise the litigant how to cure the defects.  This type of
28  advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

1  *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to
2  decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's
3  First Amended Complaint will be dismissed for failure to state a claim, but because it
4  may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

5  **II.    First Amended Complaint**

6       In his three-count First Amended Complaint, Plaintiff asserts claims of excessive
7  force by an officer, denial of due process, and failure to train.  He names as Defendants
8  the Phoenix Police Department and Lieutenant Russel Frederiksen #5344 of the Phoenix
9  Police Department.  Plaintiff seeks compensatory and punitive damages.

10      Plaintiff designates Count I as a claim of excessive force by an officer.  He alleges
11 the following facts:  On October 18, 2011, Plaintiff was the passenger in a vehicle that
12 was pulled over by two Phoenix police officers (Campbell and Burke) who believed the
13 vehicle "matched the description of alleged theft vehicle at the time."  Plaintiff exited the
14 vehicle and fled from the officers "due to a parole hold."  Defendant Frederiksen was
15 driving a Chevy Tahoe and swerved into Plaintiff's path, striking Plaintiff.  Plaintiff
16 continued to flee toward an eight-foot brick wall.  Plaintiff attempted to climb over the
17 wall and had both hands on the top of the wall and was hanging from the wall with his
18 back toward Frederiksen when Frederiksen removed his gun, a Glock 30 .45 caliber, from
19 his holster and yelled to Plaintiff, "Get down from there.  Get down."  Without waiting
20 for a response from Plaintiff, Frederiksen fired his gun six times in rapid succession and
21 struck Plaintiff four times in his lower extremities.  Plaintiff asserts that all four bullets
22 struck him from behind.  Plaintiff was shot once in the left leg and three times in his right
23 leg, which shattered his knee cap and required extensive surgery.  Plaintiff now has pins,
24 rods, and a plate in his right leg, has trouble walking, and is in constant chronic pain.

25      Plaintiff asserts that at no time did he pose any harm or threat to Frederiksen or the
26 other officers.  After Plaintiff was shot, he was lying on the ground and asked the officers
27 to please call an ambulance because he had been shot in his legs.  "They" rolled Plaintiff
28 onto his stomach and said, "you aren't shot," and then repeatedly picked up Plaintiff's

JDDL-K
- 3 -

1  legs "slamming them onto the ground causing [Plaintiff] crucial pain."  Plaintiff yelled
2  for them to stop, "but they repeatedly did so."  Plaintiff asserts that after his arrest,
3  detectives tried to "link up" the vehicle Plaintiff was in with two robberies.  Plaintiff
4  states that he is currently awaiting trial "in an ongoing case."  Plaintiff also alleges that
5  Defendant Frederiksen and Officer Campbell "fabricated reports to cover up the
6  unjustifiable and unconstitutional shooting."

7     In Count II, Plaintiff alleges that his due process rights were violated when
8  Defendant Frederiksen shot him.  He alleges that Frederiksen chose to deprive him of
9  "life and liberty, oversee me equal protection of the law, which as a United States citizen
10  as a resident of Arizona [he] is entitled to, bypass the courts and deny [Plaintiff his] right
11  to due process."  Plaintiff further alleges that Defendant Frederiksen and Officers
12  Campbell and Burke "fabricated reports to cover up the unjustified and unconstitutional
13  malicious act."

14     Plaintiff designates Count III as a Fifth Amendment violation and the issue
15  involved as "inadequately train/[illegible]/discipline officers on excessive use of force."
16  Plaintiff alleges that the "Phoenix Police Department is liable to ensure the safety of each
17  and every citizen in Maricopa County, concerning the actions and conduct of their
18  officers.  Excessive use of force occurs very often toward citizens of Maricopa County
19  and it occurred directly to [Plaintiff] on Oct. 18, 2011[.]"  Plaintiff alleges that the
20  Phoenix Police Department failed to perform a "professional and thorough investigation
21  upon the use of excessive force" to discover that he was "shot from the back unlawfully,"
22  that the officers' reports were fabricated, and that it was "physically impossible for their
23  story to be true."  Plaintiff alleges that "the obvious improper training, the lack of
24  discipline, and the failure to properly and thoroughly investigate use of excess force by
25  the Phoenix Police Department is liable to [Plaintiff's] injuries, and disability, and
26  violated [his] 5th Amendment of the Constitution by depriving [Plaintiff] of life, liberty,
27  or property, without due process of law."
28  / / /

According to records available online, Plaintiff is in custody and awaiting trial in Maricopa County Superior Court, case CR2011-154084, on charges of armed robbery, first-degree burglary, theft-means of transportation, aggravated assault, endangerment, and misconduct involving weapons, all stemming from events on October 18, 2011.[1] Trial on these charges is currently scheduled to begin on February 6, 2014.

## III.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Phoenix Police Department and Count III

Plaintiff sues the Phoenix Police Department.  As the Court informed Plaintiff in its November 4, 2013 Order, a municipal police department is not a "person" within the meaning of § 1983 and cannot be sued.  *See e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504 (D. Conn. 2008); *Pahle v. Colebrookdale Tp.*, 227 F. Supp. 2d 361 (E.D. Pa. 2002).  Accordingly, the Phoenix Police Department and Count III will be dismissed.

### B.   Count I

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures.  *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986).  The Fourth Amendment does not prohibit the use of reasonable force.  *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was excessive depends on

---

[1]*See*  http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp (last visited Feb. 6, 2014).

"whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415.  Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted).  "Whether a particular use of force 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

In this case, Plaintiff provides little information about the circumstances of his arrest that would allow the Court to evaluate the reasonableness of the force used against him.  For instance, Plaintiff fails to provide information about why he was on a parole hold, the severity of the crime at issue, whether he was shot during daylight hours or after dark, whether he was carrying a weapon, and whether the officers were aware of any weapon on Plaintiff.  Also, other than Frederiksen's command to get down from the wall, Plaintiff fails to state whether Frederiksen or the other officers said anything else to him before he was shot.  Plaintiff asserts that he was fleeing from officers, which indicates he may have been evading or resisting arrest.  Finally, Plaintiff fails to state if he was arrested at the time he was shot and what charges if any resulted from his arrest. Plaintiff's allegations of excessive force in Count II fail to state a claim.

### C.    Count II

Plaintiff designates Count II as a Fourteenth Amendment due process violation. Plaintiff alleges that when Defendant Frederiksen shot Plaintiff, Frederiksen chose to

1    deprive Plaintiff of "life and liberty, oversee me equal protection of the law, which as a

2    United States citizen as a resident of Arizona [he] is entitled to, bypass the courts and

3    deny [Plaintiff his] right to due process."  It is unclear from these assertions what process

4    Plaintiff has been denied.  As noted, Plaintiff is scheduled for trial on multiple charges

5    related to events on October 18, 2011.  Although *pro se* pleadings are liberally construed,

6    *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will

7    not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

8    268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not

9    supply essential elements of the claim that were not initially pled.  *Id*.  Because Plaintiff

10   fails to allege any facts supporting that he has been denied due process, Count II will be

11   dismissed.[2]

12   **IV.    Leave to Amend**

13        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

14   for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

15   may submit a second amended complaint to cure the deficiencies outlined above.  The

16   Clerk of Court will mail Plaintiff a court-approved form to use for filing a second

17   amended complaint.  If Plaintiff fails to use the court-approved form, the Court may

18   strike the second amended complaint and dismiss this action without further notice to

19   Plaintiff.

20        Plaintiff must clearly designate on the face of the document that it is the "Second

21   Amended Complaint."  The second amended complaint must be retyped or rewritten in

22   its entirety on the court-approved form and may not incorporate any part of the original

23   _____

24   [2] To the extent Plaintiff may be seeking this Court's intervention in his state court
     proceedings, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971),
25   prevents a federal court in most circumstances from directly interfering with ongoing
     criminal proceedings in state court.  The *Younger* abstention doctrine also bars requests
26   for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's
     ongoing state criminal prosecution.  *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).
27   In addition, the *Younger* abstention doctrine applies while a case works its way through
     the state appellate process, if a prisoner is convicted.  *New Orleans Pub. Serv., Inc. v.*
28   *Council of City of New Orleans*, 491 U.S. 350, 369 (1989).  Only in extraordinary
     circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-
     final) state criminal proceedings.

1  Complaint or First Amended Complaint by reference.  Plaintiff may include only one
2  claim per count.

3       A second amended complaint supersedes the original Complaint and First
4  Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*
5  *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After
6  amendment, the Court will treat the original Complaint and First Amended Complaint as
7  nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the
8  original complaint or first amended complaint and that was voluntarily dismissed or was
9  dismissed without prejudice is waived if it is not alleged in a second amended complaint.
10 *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

11 **V.   Warnings**

12     **A.   Release**

13     Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
14 release.  Also, within 30 days of his release, he must either (1) notify the Court that he
15 intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to
16 comply may result in dismissal of this action.

17     **B.   Address Changes**

18     Plaintiff must file and serve a notice of a change of address in accordance with
19 Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
20 for other relief with a notice of change of address.  Failure to comply may result in
21 dismissal of this action.

22     **C.   Copies**

23     Plaintiff must submit an additional copy of every filing for use by the Court.  *See*
24 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further
25 notice to Plaintiff.

26     **D.   Possible "Strike"**

27     Because the First Amended Complaint has been dismissed for failure to state a
28 claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies

identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 12th day of February, 2014.

David G. Campbell
United States District Judge

JDDL-K

- 9 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                        1

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____  ,  )
(Full Name of Plaintiff)          Plaintiff,      )
                                                  )
                                     vs.          )   **CASE NO.** _____
                                                  )        (To be supplied by the Clerk)
(1)_____  ,  )
(Full Name of Defendant)                          )
(2)_____  ,  )
                                                  )       **CIVIL RIGHTS COMPLAINT**
(3)_____  ,  )              **BY A PRISONER**
                                                  )
(4)_____  ,  )   ☐ Original Complaint
                          Defendant(s).           )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                       (Position and Title)                                       (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                       (Position and Title)                                       (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                       (Position and Title)                                       (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                       (Position and Title)                                       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                          ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                                                   ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count II?                       ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?             ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not.  _____
_____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?     ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                                   SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.