MD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delano Danny Quiroz, Jr., | No. CV 13-1876-PHX-DGC (LOA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Phoenix Police Department, et al., | |
| Defendants. | |

On September 11, 2013, Plaintiff Delano Danny Quiroz, Jr., who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a November 4, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 4, 2013, Plaintiff filed his First Amended Complaint. In a February 12, 2014 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 26, 2014, Plaintiff filed a Second Amended Complaint (Doc. 9). The Court will order Defendant Frederiksen to answer Count One of the Second Amended Complaint and will dismiss Count Two without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II. Second Amended Complaint**

In his Second Amended Complaint, Plaintiff sues Lieutenant Russel Frederiksen #5344 of the Phoenix Police Department. Plaintiff seeks damages.

In Count One, Plaintiff asserts a claim of excessive force by an officer. Plaintiff alleges the following facts: On October 18, 2011, around 11:00 p.m., Plaintiff was a passenger in a vehicle that was pulled over by Phoenix Police Officers Burke and Campbell. The vehicle was pulled over because it matched the description of a threat of means of transportation vehicle. Plaintiff ran from the vehicle because there was a parole hold on him for failing to report to his parole officer. As Plaintiff was running, Defendant Frederiksen, who was driving a Chevy Tahoe, swerved in front of Plaintiff and struck Plaintiff with his vehicle. Plaintiff continued to run toward a brick wall and began to scale the five-and-a-half-foot high wall. While Plaintiff was hanging from the brick wall with his back toward Defendant Frederiksen, Frederiksen yelled to Plaintiff, "Get down from there, get down." Without waiting for a response from Plaintiff, Frederiksen fired his Glock 30 .45 caliber gun six times and struck Plaintiff four times in his lower extremities. Three shots hit Plaintiff's lower right leg, shattering his knee cap, and requiring extensive reconstructive surgery. One shot hit Plaintiff's left leg. All four bullets struck Plaintiff from behind. Plaintiff now has constant, chronic pain in his right leg, and he will have pins, rods and a steel plate in his right leg for the rest of his life. Plaintiff has trouble walking, can no longer run or jog, and he needs a wheelchair to transport him to his proceedings. Plaintiff alleges that at no time was he aggressive or did he pose any harm or threat toward Defendant Frederiksen or anyone else. Plaintiff did not have a weapon and he alleges that as he exited the vehicle, he stated that he was not in possession of a weapon.

After Plaintiff was shot and lying on the ground, he asked Officer Campbell to please call an ambulance because he had been shot. Campbell rolled Plaintiff over onto his stomach and said "you aren't shot." Campbell then picked up Plaintiff's legs and repeatedly slammed them onto the ground.

In Count Two, Plaintiff asserts that his Fourteenth Amendment due process rights have been violated. Plaintiff alleges the same facts that he alleged in Count One regarding the vehicle stop, his flight, and the shooting. Plaintiff further alleges the following facts: Defendant Frederiksen "chose to . . . bypass the courts and deny [Plaintiff] due process of law." Plaintiff contends that if he "had any accountability for the theft of said vehicle, then he shall be brought before the courts for criminal prosecution and according to the 6th Amendment 'enjoy the right to a . . . public trial by an impartial jury of the state' not shot from behind by an officer which 'deprived [Plaintiff] of life, liberty, or property without due process of law."

## III.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff designates Count Two as a Fourteenth Amendment due process violation. Plaintiff alleges that when Defendant Frederiksen shot him, Frederiksen "chose to . . . bypass the courts and deny [Plaintiff] due process of law." It is unclear from these vague and conclusory assertions what process Plaintiff has been denied by Defendant Frederiksen. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*. Because Plaintiff fails to allege any facts supporting that he has been denied due process, Count Two will be dismissed.

. . . .

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a claim of excessive force by an officer in Count One, and the Court will require Defendant Frederiksen to respond to Count One of the Second Amended Complaint.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1) Count Two is **dismissed** without prejudice.

(2) Defendant Frederiksen must answer Count One of the Second Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendant Frederiksen.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

TERMPSREF

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)     **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)     Defendant Frederiksen must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 11th day of June, 2014.

_____
David G. Campbell
United States District Judge

TERMPSREF