1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8   Delano Danny Quiroz, Jr.,
                                    )
9          Plaintiff,               )  CIV 13-01876 PHX DLR MEA
                                    )
10         v.                       )  REPORT AND RECOMMENDATION
                                    )  FOR DISMISSAL
11  Phoenix Police Department,      )  WITHOUT PREJUDICE
    Russel Frederiksen,             )
12                                  )
           Defendants.              )
13  _____ )

14  TO THE HONORABLE DOUGLAS L. RAYES:

15         Plaintiff, proceeding pro se, filed his complaint on

16  September 11, 2013, while incarcerated at the Fourth Avenue Jail

17  in Phoenix, Arizona.  In an order issued November 4, 2013, the

18  Court granted Plaintiff's motion for leave to proceed *in forma*

19  *pauperis* and dismissed the complaint without prejudice.

20  Plaintiff docketed a first amended complaint on December 4,

21  2013.  See Doc. 7.  In an order entered February 12, 2014, the

22  Court dismissed the first amended complaint with leave to amend.

23  See Doc. 8.  Plaintiff docketed a second amended complaint on

24  March 26, 2014.  See Doc. 9.  At the top of the complaint under

25  Plaintiff's address, which he indicated was at the Fourth Avenue

26  Jail, the printed complaint form states: "(Failure to notify the

27  Court of your change of address may result in dismissal of this

28  action.)"

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide:  "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

A note in the docket in this matter entered May 8, 2014, indicates Plaintiff was no longer incarcerated at the Fourth Avenue Jail and an inmate filing fee was not collected.

In an order (Doc. 10) issued June 11, 2014, screening Plaintiff's second amended complaint, the Court dismissed Defendant Phoenix Police Department and ordered Plaintiff to return a service packet for Defendant Frederiksen to the Court within 21 days and ordered Defendant Frederiksen to answer Plaintiff's claim of excessive force. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

The Court's service order at Doc. 10 warned Plaintiff:

> Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.
> B. Address Changes Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. .... Failure to comply may result in dismissal of this action.

***

> If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

The copy of the service order at Doc. 10 mailed to Plaintiff was returned to the Court as undeliverable on June 23, 2014. See Doc. 11. On June 30, 2014, the matter was reassigned and on July 1, 2014, the matter was reassigned and both notices of reassignment mailed to Plaintiff were returned as undeliverable. Plaintiff did not return a service packet to the Court for Defendant Frederiksen by July 1, 2014.

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad

-3-

<u>Co.</u>, 370 U.S. 626, 629–31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.   Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.   <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."  <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.   The fourth factor, as always, weighs against dismissal.   The fifth factor requires the Court to consider whether a less drastic alternative is available.

-4-

Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in <u>Carey</u>, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be dismissed without prejudice.

DATED this 10th day of July, 2014.

_____
Mark E. Aspey
United States Magistrate Judge

-5-